Hugo Torbet
Attorney at Law, SBN 147650
3223 Webster St.
San Francisco, CA 94123
Telephone: (415) 986-9400

Attorney for Plaintiff
Joseph Padgett

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| JOSEPH PADGETT, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ANDREW CURTIS WRIGHT, a/k/a ) <br> A. CURTIS WRIGHT, CITY OF ) <br> MONTE SERENO, BUSTAMANTE & ) <br> GAGLIASSO A PROFESSIONAL ) <br> CORPORATION, and DOES 1 ) <br> through 25, inclusive, ) <br> _____ ) | No. <br> <br> COMPLAINT ON DOMESTIC MONEY JUDGMENT <br> <br> JURY TRIAL DEMANDED |

Plaintiff Joseph Padgett avers as follows:

1. <u>Jurisdiction</u>.  This is an action to renew the judgment in Action No. 04-03946, <u>Padgett v. City of Monte Sereno, et al.</u>, under California Code of Civil Procedure § 683.050.  This court has jurisdiction of that case by 42 U.S.C. § 1983 and 28 U.S.C. § 1331, inter alia, and its continuing jurisdiction of that case gives it jurisdiction of this case.

2. <u>Venue</u>.  The underlying action arose in this judicial district.  (28 U.S.C. § 1391(b)(2); see also, 28 U.S.C. § 1391(b)(1) [one or more defendants resides within this judicial district].)

Complaint on Domestic Money Judgment                    1

3. <u>Intradistrict Assignment</u>. The underlying case arose in Santa Clara County. (Civil L.R. 3-2(e).)

4. Defendant Andrew Curtis Wright, a/k/a A. Curtis Wright is an individual.

5. Defendant City of Monte Sereno is a public entity duly organized and existing under the laws of the State of California.

6. Defendant Bustamante & Gagliasso A Professional Corporation is an active California corporation in good standing.

7. The true names and capacities of those defendants sued herein by the fictitious designation of Does 1 through 25, inclusive are unknown to Mr. Padgett. Mr. Padgett is informed and believes, and thereon alleges, that each is liable to him under the facts plead herein. Mr. Padgett will amend this complaint to include their true names and capacities as soon as they are learned.

8. Judgment was entered Action No. 04-03946, on February 4, 2010, in favor of Mr. Padgett and against defendant Andrew Curtis Wright. (Docket No. 934; see also, Fed. R. Civ. P. 58(a).) Mr. Padgett was awarded monetary damages of $10,001.00, which consisted of an award of compensatory damages of $1.00, and an award of punitive damages of $10,000.00. This judgment earns, and continues to earn, interest pursuant to, and calculated under, 28 U.S.C. § 1961.

9. The judgment entered in Action No. 04-03926 is final, in that the Ninth Circuit filed its decision on its review thereof on February 11, 2013, (<u>Padgett v. Loventhal, et al.</u>, United States Court of Appeals for the Ninth Circuit Action No. 10-16533,) and no further review was sought. Moreover, the judgment

1 has not been vacated, modified, or set aside in the intervening
2 years.

3     10. The judgment was stayed by operation of law starting on
4 approximately April 10, 2014, when Mr. Wright filed for relief
5 under the bankruptcy laws by initiating the case of <u>In re:</u>
6 <u>Wright</u>, United States Bankruptcy Court for the Northern District
7 of California Action No. 14-51560. The stay of the judgment
8 ended on approximately August 6, 2015, when the United States
9 Bankruptcy Court entered judgment in favor of Mr. Padgett and
10 against Mr. Wright on Mr. Padgett's adversarial complaint to
11 determine the dischargeability of Mr. Wright's debt under the
12 judgment. The adversarial proceeding was <u>Padgett v. Wright</u>,
13 United States Bankruptcy Court for the Northern District of
14 California Action No. 14-5073. In the time since that stay
15 ended, the judgment has not been otherwise stayed.

16     11. On June 9, 2010, this court entered a post-judgment
17 order awarding attorney fees and costs to Mr. Padgett. That
18 order was entered on the Docket as Item No. 995.

19     12. On review of the post-judgment order awarding attorney
20 fees and costs to Mr. Padgett, the Ninth Circuit ruled that this
21 court must explain how it used the lodestar method to reduce Mr.
22 Padgett's attorney fees and how it calculated Mr. Padgett's
23 reduced costs. (<u>Padgett v. Loventhal</u>, 706 F.3d 1205, 1209 (9th
24 Cir. 2013).)

25     13. Upon the process ordered by the Ninth Circuit, this
26 court entered two separate attorney fees orders.

27        a. On March 31, 2015, this court entered an order
28     awarding attorney fees and costs to Mr. Padgett for the

1     legal services which were provided to him by the joint
2     venture of the Law Firm Kallis & Associates and defendant
3     Bustamante & Gagliasso A Professional Corporation.  This
4     court's specific order was that:  "Plaintiffs shall receive
5     an attorneys' fee award of $471,056.64 plus post-judgment
6     interest, and litigation costs for $100,000."  (Docket No.
7     1087, 14:3-4.)  Due to ambiguities this court created, this
8     court later clarified its order as follows:  "Since Mr.
9     Padgett is the plaintiff in this action and the prevailing
10     party, the attorneys' fees are awarded to him, consistent
11     with <u>Gilbrook</u>."  (Docket No. 1108, 6:22-24.)  This order
12     also provides that the award will earn interest.  (Docket
13     No. 1087, 11:12-16.)
14         b.   On June 14, 2019, this court entered an order
15     awarding attorney fees and costs to Mr. Padgett for the
16     legal services which were provided to him by McManis
17     Faulkner and by Hugo Torbet and for costs he incurred during
18     the times in which he was represented by McManis Faulkner
19     and in which he was in pro se.  This court's specific order
20     was that:  "Plaintiff shall be awarded attorney's fees for
21     the pre-trial services by the McManis Faulkner law firm in
22     the amount of $128,631.00 and for the post-trial services of
23     Mr. Torb[e]t, an amount of $23,125.00.  Plaintiff's total
24     award of attorney's fees is $148,756.00.  Plaintiff is
25     entitled to litigation costs in the amount of $4,048.22."
26     (Docket No. 1179, 13:10-13.)  This order also provides that
27     the award will earn interest.  (Id., 13:7-9 and 13:13-14.)
28     14.  On October 7, 2019, this court entered an order which

contradicts its earlier order in Docket Item No. 1087.  This order is that:  "Having considered the fee agreement, this Court holds that the award of fees to counsel rather than to the plaintiff was justified.  Kallis and Bustamante's Attorneys' Fees and Costs Award is reinstated."  (Docket No. 1201, 6:23-7:1.)

    15.  On November 4, 2019, Mr. Padgett filed a timely notice of appeal from the order in Docket Item No. 1201.  The notice of appeal is Docket Item No. 1208.  The appellate case is <u>Padgett v. Loventhal</u>, United States Court of Appeal for the Ninth Circuit Action No. 19-17268.

    16.  Mr. Padgett also timely appealed from the order of June 14, 2019.  (Docket No. 1179.)  The notice of appeal is Docket Item No. 1193.  The appellate case is <u>Padgett v. Loventhal</u>, United States Court of Appeal for the Ninth Circuit Action No. 19-16383.

    17.  On July 30, 2019, the United States Bankruptcy Court for the Western District of Washington entered an order of the sale of estate assets to Mr. Padgett in the case of <u>In re: Law Firm of Kallis & Associates PC</u>, Action No. 18-13091.  (Docket No. 58 therein.)  By this order, Mr. Padgett was assigned, and became the owner of, all rights, interests, and assets, if any, of the Law Firm of Kallis & Associates PC in, and related to, the underlying proceeding, including, but not limited to, this court's orders, including, but not limited to, Docket Item Nos. 1087 and 1201.  (Id., 2:7-10.)

    18.  On January 17, 2020, this court entered an order which further disrupted the ordinary operations of the law.  In this order, the court denied Mr. Padgett's ex parte application for an

order requiring the clerk to renew his judgment pursuant to her ministerial duties which are spelled out in unambiguous statutory law.  (Docket No. 1234.)  More to the point, in this order, this court held, without having been asked for a ruling on the matter, without having jurisdiction, without affording the parties, or any of them, any due process of any kind, and in complete ignorance of the relevant law and evidence, that with respect to its recent interpretation of Docket Item No. 1087, as set forth in Docket Item No. 1201, the attorney fees and costs will be divided between Mr. Padgett, as assignee of the Law Firm of Kallis & Associates, and defendant Bustamante & Gagliasso A Professional Corporation as follows:  That Mr. Padgett is entitled to 37.3% of the attorney fee award; that defendant Bustamante & Gagliasso A Professional Corporation is entitled to 62.3% of the attorney fee award; and that defendant Bustamante & Gagliasso A Professional Corporation is entitled to the entire amount of the cost award of $100,000.00.  (Docket No. 1234, 3:16-4:5.)

19.   Defendant Bustamante & Gagliasso A Professional Corporation is joined in this action as a necessary party, given that this court has held that it is entitled to a portion of Mr. Padgett's award for attorney fees and costs as order on March 31, 2015, in Docket Item No. 1087.  (See, Docket No. 1201.)

20.   Mr. Padgett will appeal the order contained in Docket Item No. 1234.  He will amend this complaint to include the appellate information after the Ninth Circuit processes the notice of appeal.

21.   Mr. Padgett has demanded payment of the judgment as it

currently stands, with the reservation that the proceedings in the United States Court of Appeals for the Ninth Circuit could change the amounts owed on the post-judgment orders.

22.  Mr. Wright has failed to pay the judgment or any part thereof.

23.  There is now due, owing, and unpaid on the judgment and post-judgment orders the sum of $736,861.86, together with interest on the damage awards at the legal rate, and interest on the post-judgment awards at the rates ordered by this court. In addition, the post-judgment attorney fee awards are subject to modification, depending upon the rulings of the United States Court of Appeals for the Ninth Circuit.

24.  Mr. Padgett is informed and believes, and thereon alleges, that because the tort which resulted in Mr. Wright's liability in <u>Padgett v. City of Monte Sereno, et al.</u>, United States District Court for the Northern District of California Action No. 04-03946, was committed by Mr. Wright in the course and scope of his employment and duties as an elected official of defendant City of Monte Sereno, defendant City of Monte Sereno has the duty to pay to Mr. Padgett all sums owed, with the exception of the punitive damage award and the lawful interest thereon.  As such, defendant City of Monte Sereno is joined herein as a necessary party.

Wherefore, plaintiff Joseph Padgett prays judgment as follows:

1.  For the sum of $736,861.86, together with interest thereon as specified in the judgment and post-judgment orders and as determined and calculated according to applicable law;

    2. For costs of suit, including a reasonable attorney fee, if provided for in law;

    3.   For all other just relief; and

    4.   For an order staying this complaint on domestic money judgment until all appellate proceedings related to the post-judgment orders are completed and the post-judgment orders are final.

Dated:   February 3, 2020

                              Respectfully submitted,

                              s/ Hugo Torbet

                              Attorney for Plaintiff

### JURY TRIAL DEMAND

Plaintiff Joseph Padgett hereby demands trial by jury in this matter to the full extent allowed by the law related to this action.

Dated:   February 3, 2020

                              Respectfully submitted,

                              s/ Hugo Torbet

                              Attorney for Plaintiff